UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DANIEL S. GREENBERG, | ) |
| Plaintiff, | ) |
| | ) No. 3:22-cv-00325 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| HERBERT SLATERY, et al., | ) |
| Defendants. | ) |

## ORDER

Plaintiff Daniel S. Greenberg, a Tennessee resident, brings a pro se Complaint under 42 U.S.C. § 1983 against seven Defendants including Tennessee Attorney General Herbert Slatery. (Doc. No. 1.) On May 25, 2022, the Court denied without prejudice Plaintiff's application to proceed in forma pauperis. (Doc. No. 6). The Court instructed Plaintiff that he may pay the filing fee or submit an amended application that addressed several matters of concern. *Id*. Plaintiff has submitted an amended application and two Motions to Amend.[1] (Doc. Nos. 5, 7, 8.) The amended application and accompanying explanation—although far from clear—contain sufficient information to demonstrate that Plaintiff cannot pay the full civil filing fee "without undue hardship." *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). The amended application (Doc. No. 8) is therefore **GRANTED**.

The Motions to Amend the Complaint (Doc. Nos. 5, 7) are **GRANTED IN PART AND DENIED IN PART**, as follows. The Court **GRANTS** Plaintiff's requests to amend the Complaint. Plaintiff may submit <u>one</u> consolidated Amended Complaint within **30 DAYS** of the date this order

---

[1] Together with these filings, Plaintiff submitted approximately 80 pages of exhibits, the majority of which concern events in Plaintiff's prior cases in other jurisdictions. Plaintiff is advised that all filings he submits in this case should be relevant to the matters addressed in the Complaint.

is entered on the docket. If Plaintiff fails to submit an Amended Complaint or request an extension by the deadline, the Court will proceed with initial review of the existing Complaint. The Clerk **SHALL** mail to Plaintiff a blank Complaint for a Civil Case (Pro Se 1).

The Court **DENIES** Plaintiff's request for the Court to compel the Attorney General of California and Defendant Slatery to convene grand juries in "every . . . state, including . . . Washington, D.C." to pursue "federal indictments" related to this case. (Doc. No. 5 at 2.) Put simply, "[a] private citizen lacks standing to initiate criminal proceedings or to compel the state to pursue a criminal action." *Phillips v. Trump*, No. 3:18-cv-01021, 2018 WL 5830835 (M.D. Tenn. Nov. 7, 2018), *aff'd*, No. 18-6341, 2019 WL 7372704 (6th Cir. Nov. 20, 2019); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Martin v. Koljonen*, 89 F. App'x 567, 568 (6th Cir. 2004) ("Private citizens, whether or not they are prisoners, simply cannot compel a criminal investigation or prosecution against another.").

Finally, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's request for "access to the e-filing system" of the Court. (Doc. No. 5 at 2.) The Court has the discretion to, on a case-by-case basis, authorize a pro se party to file case documents electronically through the Electronic Case Filing ("ECF") system. *See* Administrative Order No. 167-1 (incorporating M.D. Tenn. Am. Prac. & Proc. for Elec. Case Filing, § 7). Plaintiff, however, does not state that he has attended an ECF training class approved by the Court or offer any explanation of relevant skill or knowledge. Plaintiff's motion may be renewed, if appropriate, after satisfaction of this requirement.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE