UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DANIEL S. GREENBERG, | ) |
| Plaintiff, | ) |
| | ) No. 3:22-cv-00325 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| HERBERT SLATERY, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Daniel S. Greenberg filed a pro se Complaint under 42 U.S.C. § 1983 against seven Defendants, including Tennessee Attorney General Herbert Slatery. (Doc. No. 1.) The Court granted Plaintiff's application to proceed as a pauper and granted Plaintiff leave to submit an amended complaint (Doc. No. 9.) Plaintiff thereafter filed an amended complaint (Doc. No. 16, "Complaint"). Before otherwise proceeding, the Court must address whether it has jurisdiction over the Complaint.

"Federal courts are courts of limited jurisdiction." *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). There are two primary types of cases over which the Court has original subject-matter jurisdiction: cases that arise under federal law, known as federal-question jurisdiction, and cases between citizens of different states in which the amount in controversy exceeds $75,000, known as diversity-of-citizenship jurisdiction.[1] *Id.* at 1746 (citing 28 U.S.C. §§ 1331, 1332(a)). However, the "domestic relations exception" to subject-matter jurisdiction precludes federal courts from hearing any cases that "involv[e] the issuance of a divorce, alimony, or child custody decree."

---

[1] The Court must dismiss without prejudice any case in which the plaintiff fails to establish subject-matter jurisdiction. *Kokkonen*, 511 U.S. at 377; *Ernst v. Rising*, 427 F.3d 351, 366 (6th Cir. 2005).

*Alexander v. Rosen*, 804 F.3d 1203, 1205 (6th Cir. 2015) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992)). The exception applies when "a plaintiff positively sues in federal court for divorce, alimony, or child custody, or seeks to modify or interpret an existing divorce, alimony, or child-custody decree." *Id*. (quoting *Chevalier v. Estate of Barnhart*, 803 F.3d 789, 797 (6th Cir. 2015) (citation omitted)). The "remedy that the plaintiff seeks" determines whether the exception applies. *Chevalier*, 803 F.3d at 797 (citing *Catz v. Chalker*, 142 F.3d 279, 292 (6th Cir. 1998), *overruled on other grounds by Coles v. Granville*, 448 F.3d 853, 859 n.1 (6th Cir. 2006)).

The domestic relations exception precludes the exercise of subject-matter jurisdiction in this case. The Complaint arises from a long-running divorce and child-custody dispute between Plaintiff and Carla D. Gifford. (Doc. No. 16.) The Complaint alleges that Defendants engaged in wide-ranging malfeasance resulting in (1) an improper divorce decree that stripped Plaintiff of his property and parental rights based on false allegations of domestic abuse; and (2) an improper child-custody award in favor of Ms. Gifford that improperly "remove[d] three minor children from the care and custody of [Plaintiff]" and deprived Plaintiff of his "God-Given constitutionally protected right to parent." *Id*. at 10-11; *see also id*. at 12 (alleging that the state court decree took "children from the care of [Plaintiff] outside the parameters of contract, law and constitution, and proffered a fraud therein causing irreparable harm to Plaintiff in the deprivation of God-given natural human rights"); *id*. at 19, 23-24 (challenging the state court's "removal of children from [the] custodial parent" and the "depriv[ation]" of Plaintiff's "right to father" those children).[2] As remedies, the

---

[2] Although not the primary focus of the lengthy Complaint, Plaintiff makes an allegation of discrimination in violation of the Americans with Disabilities Act (ADA), apparently in relation to an in-court discussion regarding accommodation of Plaintiff's disability (epilepsy); Plaintiff states that denying such allegation would be "akin to holocaust denial." (Doc. No. 16 at 16-18.). Inflammatory and hyperbolic rhetoric aside, the Complaint does not set forth factual matter plausibly suggesting disability discrimination in violation of the ADA. Indeed, Plaintiff relies in part upon a transcript excerpt that shows the state court both regarded Plaintiff as having a disability and provided requested accommodations pursuant to the ADA. *Id*. at 17.

Complaint seeks an "immediate injunction" that, among other things, declares the underlying state court judgment is "a nullity"; immediately "reinstates" Plaintiff's "parental rights"; and requires Ms. Gifford to attend parental intervention programs. *Id*. at 31.

These remedies comprise "a request for a favorable determination of 'who should have care for and control'" Plaintiff's children. *Carter v. Dep't of Children Servs.*, No. 3:19-cv-00856, 2020 WL 636574, at *2 (M.D. Tenn. Feb. 10, 2020) (quoting *Chevalier*, 803 F.3d at 797). Thus, the Complaint asks the Court to "modify or interpret an existing divorce . . . or child-custody decree." *Alexander*, 804 F.3d at 1205-06. The "domestic relations exception was designed to prevent" the Court from becoming "entangl[ed]" in precisely "such difficult questions of state family law." *Id.* at 1206. The Court therefore concludes that Plaintiff's requests for relief are "outside the jurisdiction of the federal courts."[3] *Chevalier*, 803 F.3d at 797 (citing *Catz*, 142 F.3d at 292). The Complaint is, therefore, **DISMISSED WITHOUT PREJUDICE** pursuant to the domestic relations exception to subject-matter jurisdiction. *See, e.g., Hughes v. Hamann*, 23 F. App'x 337 (6th Cir. 2001) (affirming dismissal of pro se civil rights action seeking "a declaration that [the plaintiff's] rights have been violated" and "a decision on the merits of the custody issue"); *Carter*, 2020 WL 636574, at *3 (dismissing pro se claims where "the crux of the Complaint is a challenge to child custody proceedings in the Davidson County Juvenile Court").

---

[3] Because the domestic relations exception applies in this case, thus precluding subject-matter jurisdiction, the Court need not and does not consider whether Plaintiff's claims related to the outcome of state divorce or custody proceedings are also subject to dismissal under the *Rooker-Feldman* doctrine. *See VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020) (explaining that *Rooker-Feldman* precludes federal court consideration of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments") (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE