## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>MIDDLE DISTRICT OF TENNESSEE | Case: 3:22-CV-00325<br>Honorable Eli J. Richardson<br>Magistrate, N/A (Jury Trial) |
| Daniel S Greenberg<br><br>*Plaintiff*<br>v.<br><br>Carla D Gifford, a woman<br>Herbert Slatery, a man, et al<br>STATE OF TENNESSEE, a corporation<br>CITY OF NASHVILLE, TENNESSEE, a corp<br>CITY OF FRANKLIN, TENNESSEE, a corp<br>COUNTY OF DAVIDSON, TENNESSEE, a corp<br>COUNTY OF WILLIAMSON, TENNESSEE, corp<br>DOES 1-69 | **DISMISSAL OBJECTION** re VERIFIED CLAIM FOR MALICIOUS ABUSE OF PROCESS; TORTIOUS BREACH OF PROPERTY; TORTIOUS INTERFERENCE WITH CONTRACT OBLIGATIONS; FRAUD FOR DAMAGES, AND FOR DECLARATORY RELIEF 42 USC §§ 1983, 1986 re: Amendments IV, V, VI,VII, XIV and Article I Section 10, Section 504 Rehabilitation Act, Americans with Disabilities Act (ADA) The Hobbs Act |

## TRIAL BY JURY DEMANDED

---

### OBJECTION 3 TO CASE DISMISSAL
### RULE 46 OF FEDERAL CIVIL PROCEDURE
### AND
### FEDERAL RULES CIV. PROC., RULE 60(b)(4),28 U.S.C.A., U.S.C.A. CONST.
### INTENTIONAL VIOLATION OF JUDICIAL CANNONS, EXCEPTIONS TO THE
### 'DOMESTIC RELATIONS EXCLUSION' CLAUSE, THE HOBBS ACT

Filed with Reservation to Further Amend

Now comes The Plaintiff yet again to move the Court to reinstate this case and prepare it for trial. The Defendants' previously stated violations, those further outlined here, and violations of The Hobbs Act are **NOT** subject to this Court's utter nonsensical case dismissal under the 'Domestic Relations Exclusion' clause. The Plaintiff is supplying ample information and documentation, again, to validate. It is worth noting, again, this Court **SHOULD be cognizant** of the material presented here such that the Plaintiff should not have to provide or explain it to this Court as if this Court was lead by lower level inexperienced jurists like Julie Palafox, Theodore Howard, Joseph Woodruff, or Phillip Robinson.

**Fact A**:

The Hobbs Act also reaches extortionate acts by public officials acting under the color of law. A public official commits extortion under the color of law when he obtains a payment to which he is not entitled knowing that it was made in exchange for official acts.[5] § 1951 therefore not only embraces the same conduct the federal bribery statute (18 U.S.C. § 201) prohibits, it goes further in two ways:

1    § 1951 is not limited to federal public officials.

2    The government need only prove a public official agreed to take some official action in exchange for payment as opportunities arose to do so (i.e. a "stream of benefits" theory) to sustain a § 1951 charge whereas, under § 201, the government must prove an express *quid pro quo* (or something approaching one).[6]

<u>When a judge acts intentionally and knowingly to deprive a person of his constitutional rights</u> he exercises no discretion or individual judgment; <u>he acts no longer as a judge</u>, but as a " minister" of his own prejudices. [386 U.S. 547, 568].

 A **judge is liable for injury caused by a ministerial act**; to have immunity the judge must be performing a judicial function. See, e. g., Ex parte Virginia, 100 U.S. 339 ; 2 Harper & James, The Law of Torts 1642-1643 (1956).

 **The presence of malice and the intention to deprive a person of his civil rights is wholly incompatible with the judicial function.**

 When the state is one of the perpetrators and violators, there can be no expectation of just, indeed any, relief from it. The State cannot cause a federal violation, and then try to prohibit litigants from seeking redress in the federal courts for those same violations (i.e. the state cannot violate our fundamental rights, and then try to have us dismissed out of federal court for seeking vindication of those rights) ' **"We have long recognized that a state cannot create a transitory cause of action and at the same time destroy the fight to sue on that transitory cause of action in any court having jurisdiction", Tennessee Coal, Iron & R, Co. v. George, 233 U.S. 354, 360 (1914)' cited in Marshall v. Marshall (2006).Judges' oath of office includes the undertaking to uphold the laws and Constitution of the United States.** Any Judge violating such undertakings loses jurisdiction, resulting in his orders being VOID, and he himself commits a treasonable offense against the United States.

Punishment varies from a fine or imprisonment of up to one year, or both, and if bodily injury results or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire shall be fined or imprisoned up to ten years or both, and if death results, or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both.

**FRAUD UPON THE COURT (By The Court)**

**Fraud Upon the Court is where the Judge (who is NOT the "Court")** does NOT support or uphold the Judicial Machinery of the Court. The Court is an unbiased, but methodical "creature" which is governed by the Rule of Law... that is, the Rules of Civil Procedure, the Rules of Criminal Procedure and the Rules of Evidence, all which is overseen by Constitutional law. The Court can ONLY be effective, fair and "just" if it is allowed to function as the laws proscribe. The sad fact is that in MOST Courts across the country, from Federal Courts down to local District courts, have judges who are violating their oath of office and are NOT properly following these rules, (as most attorney's do NOT as well, and are usually grossly ignorant of the rules and both judges and attorneys are playing a revised legal game with their own created rules) and THIS is a Fraud upon the Court, immediately removing jurisdiction from that Court, and vitiates (makes ineffective - invalidates) every decision from that point on. Any judge who does such a thing is under mandatory, non-discretionary duty to recuse himself or herself from the case, and this rarely happens unless someone can force them to do so with the evidence of violations of procedure and threat of losing half their pensions for life which is what can take place. In any case, it is illegal, **and EVERY case which has had fraud involved can be re-opened AT ANY TIME, because there is no statutes of limitations on fraud**.

**Fact B**:

Many cases involving 'Domestic Relations' **HAVE** been heard in federal venues.  For a representative list of such cases, see "*Federal Questions and the Domestic-Relations Exception*" ( e.1364.Silverman.1427_mszybhch.pdf)

Today, some courts apply the domestic-relations exception to federal questions; others limit it to diversity cases.[4] The Supreme Court's most recent treatments of the exception's scope do not provide clear guidance. *Ankenbrandt v. Richards*, decided in 1992, purported to limit the exception to requests for "divorce, alimony, and child custody decrees."[5] But in *Elk Grove Unified School District v. Newdow*,[6] the Court "provid[ed] . . . powerful language supporting a domestic relations exception for federal questions."[7] *Newdow* implied that federal courts should hear cases raising "delicate issues of domestic relations" only in "rare instances," and only when "*necessary* to answer a substantial

1.  13E Charles Alan Wright et al., Federal Practice and Procedure: Jurisdiction and Related Matters § 3609 (3d ed. 1998).

2.  Barber v. Barber *ex rel.* Cronkhite, 62 U.S. (21 How.) 582, 584 (1858).

3.  *In re* Burrus, 136 U.S. 586, 593-94 (1890).

4.  13E Wright et al., *supra* note 1, § 3609; *see also infra* Section I.B.

5.  504 U.S. 689, 703 (1992). The Court would later emphasize that *Ankenbrandt* took a narrow view of the exception: "While recognizing the 'special proficiency developed by state tribunals . . . in handling issues that arise in the granting of [divorce, alimony, and child custody] decrees,' we viewed federal courts as equally equipped to deal with complaints alleging the commission of torts." Marshall v. Marshall, 547 U.S. 293, 308 (2006) (citation omitted).

6.  542 U.S. 1 (2004), *abrogated by* Lexmark Int'l v. Static Control Components, Inc., 134 S. Ct. 1377, 1387-88 (2014).

7.  Meredith Johnson Harbach, *Is the Family a Federal Question?*, 66 Wash. & Lee L. Rev. 131, 143 (2009).

1366

FEDERAL QUESTIONS AND THE DOMESTIC-RELATIONS EXCEPTION

federal question that transcends or exists *apart from* the family law issue."[8] In many other cases that would seem to implicate the exception, the Court has simply been silent about its application.[9]

In recent years, as the constitutionality of same-sex marriage wound its way to the Supreme Court, lower federal courts repeatedly grappled with the question of whether the domestic-relations exception imposed a barrier to their adjudication of the issue. Four federal district courts held that the exception did not prevent them from deciding same-sex marriage challenges on the merits,[10] while three judges on the Ninth Circuit reached the opposite conclusion, asserting that "because . . . the definition and recognition of marriage . . . are committed to the states, federal courts ought to refrain from intruding into this realm of state sovereignty." Amici urging federal courts to not hear challenges to same-sex marriage bans repeatedly invoked the exception as well.[11] Seeking to stay a 2014 district court ruling requiring his

…*Newdow* implied that **federal courts SHOULD hear** cases raising "delicate issues of domestic relations" only in "rare instances," and only **when "necessary to answer a substantial federal question that transcends or exists apart from the family law issue**."8

8. *Newdow, 542 U.S. at 13* (**emphasis added**).

Today, some courts apply the domestic-relations exception to federal questions; others limit it to diversity cases.[4] The Supreme Court's most recent treatments of the exception's scope do not provide clear guidance. *Ankenbrandt v. Richards*, decided in 1992, purported to limit the exception to requests for "divorce, alimony, and child custody decrees."[5] But in *Elk Grove Unified School District v. Newdow*,[6] the Court "provid[ed] . . . powerful language supporting a domestic relations exception for federal questions."[7] *Newdow* implied that federal courts should hear cases raising "delicate issues of domestic relations" only in "rare instances," and only when "*necessary* to answer a substantial

1. 13E Charles Alan Wright et al., Federal Practice and Procedure: Jurisdiction and Related Matters § 3609 (3d ed. 1998).
2. Barber v. Barber ex rel. Cronkhite, 62 U.S. (21 How.) 582, 584 (1858).
3. *In re* Burrus, 136 U.S. 586, 593-94 (1890).
4. 13E Wright et al., *supra* note 1, § 3609; *see also infra* Section I.B.
5. 504 U.S. 689, 703 (1992). The Court would later emphasize that *Ankenbrandt* took a narrow view of the exception: "While recognizing the 'special proficiency developed by state tribunals . . . in handling issues that arise in the granting of [divorce, alimony, and child custody] decrees,' we viewed federal courts as equally equipped to deal with complaints alleging the commission of torts." Marshall v. Marshall, 547 U.S. 293, 308 (2006) (citation omitted).
6. 542 U.S. 1 (2004), *abrogated by* Lexmark Int'l v. Static Control Components, Inc., 134 S. Ct. 1377, 1387-88 (2014).
7. Meredith Johnson Harbach, *Is the Family a Federal Question?*, 66 Wash. & Lee L. Rev. 131, 143 (2009).

1366

FEDERAL QUESTIONS AND THE DOMESTIC-RELATIONS EXCEPTION

federal question that transcends or exists *apart from* the family law issue."[8] In many other cases that would seem to implicate the exception, the Court has simply been silent about its application.[9]

In recent years, as the constitutionality of same-sex marriage wound its way to the Supreme Court, lower federal courts repeatedly grappled with the question of whether the domestic-relations exception imposed a barrier to their adjudication of the issue. Four federal district courts held that the exception did not prevent them from deciding same-sex marriage challenges on the merits,[10] while three judges on the Ninth Circuit reached the opposite conclusion, asserting that "because . . . the definition and recognition of marriage . . . are committed to the states, federal courts ought to refrain from intruding into the [domestic relations] arena . . . [R]equiring federal courts to not hear challenges to same-sex marriage bans" . . . lly invoked the exception as well." Seeking to stay a 2014 district court ruling requiring his

The Plaintiff provides the following content **AGAIN** in the event the Court **overlooked** its obligation and responsibility "**to answer a substantial federal question that transcends or exists apart from the family law issue**."[8] <span style="color:red">**Sua Sponte Appointment of a Guardian ad Litem**</span>

```
 1   REASONS -- THERE ARE REASONS TO SEE CONFIDENTIALITY FOR
 2   WRONGDOING.
 3         THE COURT:  HOW WOULD YOU LIKE IT IF THE
 4   INFORMATION THAT WAS NOT FLATTERING REGARDING YOU WAS
 5   POSTED ON THE INTERNET?
 6         MR. GREENBERG:  THAT'S HOW THE WORLD WORKS.
 7         THE COURT:  OKAY.  I SEE.  ALL RIGHT.
 8   MS. GIFFORD, ARE YOU READY TO PROCEED?
 9         MS. GIFFORD:  AS READY AS I CAN BE.
10         THE COURT:  DO YOU WANT TO MAKE AN OPENING
11   STATEMENT, AND THAT JUST SIMPLY TELLS THE COURT WHAT
12   YOU'RE ASKING FOR IN THIS TRIAL AND WHAT THE EVIDENCE
13   WILL SHOW?
14         MS. GIFFORD:  ACCORDING TO MY NOTES, I'M ASKING
15   THAT THE CUSTODY ISSUE REMAIN THE SAME.
16         THE COURT:  THAT'S SOLE LEGAL AND SOLE PHYSICAL
17   TO MOTHER?
18         MS. GIFFORD:  YES, AND MONITORED VISIT.
19         MR. GREENBERG:  I HAVE AN OBJECTION IN THAT WE
20   ARE NOT MAKING A RECORD OF MY ISSUES REGARDING THE
21   FIFTH, EIGHTH AND FOURTEENTH AMENDMENTS.
22         THE COURT:  MR. GREENBERG, THIS IS OPENING
23   STATEMENT FOR MS. GIFFORD.  DON'T INTERRUPT.
24         MR. GREENBERG:  CAN WE TAKE A SHORT RECESS?
25         THE COURT:  NO, SIR.  WE HAVE JUST BEEN ON THE
26   RECORD ONLY 20 MINUTES.  WHAT IS THE REASON FOR TAKING
```

1  A RECESS?

2     **MS. GIFFORD:**  I NEED TO REFRESH MY BRAIN.

3     **THE COURT:**  NO, SIR, WE ARE GOING TO GO ON THE

4  RECORD FOR AT LEAST AN HOUR WHILE WE HAVE THE TIME

5  AVAILABLE.

6        ALL RIGHT, MS. GIFFORD, YOU SAID YOU WERE

7  REQUESTING SOLE LEGAL, SOLE PHYSICAL, AND MONITORED

8  VISITATION; IS THAT CORRECT?

9     **MS. GIFFORD:**  THAT IS CORRECT.

10    **THE COURT:**  WHAT ARE YOU REQUESTING IN TERMS OF

11 THE PROPERTY DIVISION?

12    **MS. GIFFORD:**  PROPERTY DIVISION --

13    **THE COURT:**  I SEE THAT THERE WERE FOUR

14 PROPERTIES THAT YOU IDENTIFIED -- OR THREE PROPERTIES.

15    **MS. GIFFORD:**  YES --

16    **THE COURT:**  MR. GREENBERG, I'LL TURN TO YOU IN A

17 MOMENT.

18    **MR. GREENBERG:**  THE LAST TIME WE WERE HERE YOU

19 SAID YOU WOULD GIVE ME THE DOCUMENTS THAT WEREN'T

20 PROVIDED TO ME THE LAST TIME I WAS HERE AND YOU HAVEN'T

21 DONE THAT AND NOW I HAVE TO LISTEN TO THIS.  I DON'T

22 UNDERSTAND WHY IT IS WE CAN'T FOLLOW THE SPECIFIC SET

23 OF RULES THAT ARE SET FORTH FOR US TO FOLLOW.

24    **THE COURT:**  WE ARE GOING TO TAKE A RECESS RIGHT

25 NOW AND WE'RE GOING TO COME BACK AND I'M GOING TO

26 DISCUSS WHETHER WE SHOULD SUSPEND THE TRIAL AND MAKE AN

Case 3:22-cv-00325   Document 37   Filed 09/05/22   Page 7 of 33 PageID #: 328

1 APPOINTMENT OF A GUARDIAN AD LITEM.

2      **MR. GREENBERG:** BUT I HAVE A QUESTION. CAN YOU

3 NOT ANSWER THE QUESTION?

4      **THE COURT:** NO, WE'RE IN RECESS.

5      **MR. GREENBERG:** CAN I ASK A QUESTION WHEN YOU

6 GET BACK?

7      **THE COURT:** YES.

8      **MR. GREENBERG:** NOT ABOUT THE GUARDIAN AD LITEM,

9 JUST ABOUT THE ISSUE THAT I STILL HAVEN'T RECEIVED THE

10 DOCUMENTS.

11               (OFF THE RECORD.)

12      **THE COURT:** BACK ON THE RECORD ON THE GIFFORD

13 GREENBERG MATTER. I APOLOGIZE TO THE PARTIES. I HAD

14 TO MAKE SOME PHONE CALLS.

15        THIS IS HOW WE'RE GOING TO PROCEED. PURSUANT

16 TO THE CODE OF CIVIL PROCEDURE 373 THE COURT ON ITS OWN

17 MOTION FINDS THE RESPONDENT LACKING THE COMPETENCE TO

18 MAKE DECISIONS AND PARTICIPATE IN THESE LEGAL

19 PROCEEDINGS. THE BASIS FOR THIS FINDING IS THE

20 RESPONDENT'S CONTINUAL REPETITIVE, REOCCURRING, BIZARRE

21 BEHAVIOR. THE ACTIONS THE COURT FINDS ARE MOTIVATED BY

22 MENTAL ILLNESS. THIS IS BASED ON PERSONAL OBSERVATIONS

23 THAT HAVE PRESENTED AT EVERY HEARING SINCE 2016 WHEN

24 THIS JUDICIAL OFFICER ASSUMED RESPONSIBILITY AND

25 ASSIGNMENT FOR THIS MATTER.

26        IN ADDITION, IT'S FURTHER SUPPORTED BY THE

Case 3:22-cv-00325   Document 37   Filed 09/05/22   Page 8 of 33 PageID #: 329

1  FINDINGS OF THE TESTING IN THE CONFIDENTIAL 730 REPORT

2  OF MARIAM GALINDO, WHICH WAS FILED IN APRIL OF 2014.

3  THE CLINICAL PROFILE SUPPORTS MENTAL HEALTH PROBLEMS

4  WHICH ARE IMPAIRING THE PROCEEDINGS OF THE TRIAL AT

5  THIS TIME.

6          BASED UPON THE MEDICAL HISTORY --

7      MS. GIFFORD:  I THOUGHT WE WERE JUST --

8      THE COURT:  BASED UPON THE MEDICAL HISTORY --

9      MR. GREENBERG:  IT'S UNTIMELY.

10     THE COURT:  BASED UPON THE MEDICAL HISTORY THAT

11 IS IN THE COURT'S FILE, WHICH THE COURT TAKES JUDICIAL

12 NOTICE OF; BASED UPON THE OBSERVATIONS OF THIS COURT,

13 WHICH ARE REPEATED IN EVERY HEARING; BASED ON THE

14 DISRUPTIONS BY THE RESPONDENT WHO WILL NOT MEANINGFULLY

15 AND RESPECTFULLY PARTICIPATE IN THESE PROCEEDINGS, THE

16 COURT CAN ONLY PROCEED WITH THE APPOINTMENT OF A

17 GUARDIAN AD LITEM ON BEHALF OF MR. GREENBERG TO

18 REPRESENT HIS INTEREST IN THIS CASE.

19         THE COURT HEREIN APPOINTS GALE HICKMAN AS THE

20 ATTORNEY GUARDIAN AD LITEM FOR THE RESPONDENT.  HIS

21 CONTACT PHONE NUMBER IS (714) 938-0848 AND AT SOME

22 POINT THE COURT WILL DISCUSS WITH MR. HICKMAN WHETHER

23 THERE SHOULD BE A PROBATE CONSERVATORSHIP SO THIS

24 MATTER CAN BE RESOLVED IN A MEANINGFUL AND EQUITABLE

25 WAY ON BEHALF OF ALL THE PARTIES.

26         I'M GOING TO SET A STATUS CONFERENCE.  I'M

Case 3:22-cv-00325   Document 37   Filed 09/05/22   Page 9 of 33 PageID #: 330



**Merit Decision: Divorce Court's Sua Sponte Appointment of Guardian Ad Litem for Adult Party Both Immediately Appealable and Wrong. Thomasson v. Thomasson**

Posted on July 2, 2018 by MBettman

"It violates an adult's right to due process to treat the adult as an incompetent and to deprive that adult of his or her autonomy without an adjudication that the adult is incompetent and without prior notice and an opportunity to be heard on the issue of his or her competency."

Justice Fischer, majority opinion

"The dissent ignores the practical reality of this strange scenario. This case does not present a law-school hypothetical devoid of consequence."

Chief Justice O'Connor, separate concurrence

"In none of the scenarios suggested by the majority would Thomasson be foreclosed from remedying potential harm after final judgment... That this may be a hard case does not make it one in which we should abandon the constitutional limits on our authority."

Justice DeWine, dissent


Legally Speaking Posts


RSS - Posts



**Marianna Brown Bettman**

Marianna Brown Bettman is Distinguished Teaching Professor and Professor of Practice Emerita at the University of Cincinnati College of Law, where she taught torts, legal ethics, and a seminar on the Supreme Court of Ohio. She is also a former Ohio state court of appeals judge. Professor Bettman has been a frequent presenter on Supreme Court of Ohio cases at Continuing Legal and Judicial Education seminars and conferences including the Ohio Judicial Conference. She also provides appellate consulting services to attorneys.

https://legallyspeakingohio.com/2018/07/merit-decision-divorce-courts-sua-sponte-appointment-of-guardian-ad-litem-for-adult-party-both-immediately-appealable-and-wrong-thomasson-v-thomasson/?fbclid=IwAR3tjPN5s2aV4aeaZdSgkD6IrOsvOzZGJZZkj2RCnRH7Nw381nhd8xy7R6s

The Plaintiff further cites:

*Thomasson v. Thomasson*, 153 Ohio St. 3d 398, 106 N.E.3d 1239, 2018 Ohio 2417 (Ohio 2018)

Assigning a Guardian ad Litem to an adult party "***violates an adult's right to due process to treat the adult as an incompetent and to deprive that adult of his or her autonomy without an adjudication that the adult is incompetent and*** *without prior notice* **and** *an opportunity to be heard* ***on the issue of his or her competency***."

is not void" under Rule 60(b)(4) "simply because it is or may have been erroneous." *Id.* Rather,

"Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* Plaintiff's general complaints about the Court or the dismissal do not invoke, in any comprehensible manner, these specific circumstances for relief.

For these reasons, Plaintiff's Rule 60(b)(4) Motion is (Doc. No. 35) **DENIED.** This case remains closed.[1]

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff is free to appeal the Court's judgment, subject to all applicable rules and time limits. In addition, because this case was dismissed without prejudice, Plaintiff may file a new civil complaint, subject to all applicable rules and time limits, and accompanied by the civil filing fee or an in forma pauperis application.

*Thomasson v. Thomasson*, 153 Ohio St. 3d 398, 106 N.E.3d 1239, 2018 Ohio 2417 (Ohio 2018):

where as **"Further, the lack of proper process violated Carol's due-process rights, <span style="color:red">and we therefore vacate the trial court's order</span> and remand the case to the trial court for further proceedings."**






4

1  BECAUSE I ASKED THEM TO BE HERE AND WE THOUGHT THAT WE

2  COULD HAVE YOUR HONOR DO WHAT L54 USUAL DOES AND THAT

3  WAY WE DON'T GET LOST HALFWAY IN BETWEEN BECAUSE IT HAS

4  BEEN LOST FOR A COUPLE YEARS.  NORMALLY THEY DON'T COME

5  HERE.  I ALREADY THANKED COUNSEL FOR COMING.  SO THAT'S

6  WHY THEY'RE HERE.

7       THE COURT:  OKAY.

8       MR. BULLOCK:  IT'S AT MY REQUEST.

9       THE COURT:  OKAY.  SO WHAT IS YOUR

10  UNDERSTANDING, MR. BULLOCK, -- I JUST WANT TO MAKE IT

11  REALLY CLEAR, MR. BULLOCK, YOU HAVE BEEN APPOINTED

12  GUARDIAN, YOU'RE NOT AN ATTORNEY.  SO YOU'RE NOT

13  ADVOCATING.

14       MR. BULLOCK:  I REALIZE THAT.

15       MR. GREENBERG:  IT'S NOT YOUR REQUEST.  IT'S A

16  CONSTITUTIONAL MAIN DATE THAT THIS BE HEARD.  DO YOU

17  UNDERSTAND THE DIFFERENCE?

18       MR. BULLOCK:  THANK YOU.

19       MR. GREENBERG:  BECAUSE I DON'T BELIEVE SHE

20  DOES.

21       THE COURT:  MR. GREENBERG, I CAN HEAR YOU AND

22  YOU'RE BEING DISRESPECTFUL.

23       MR. GREENBERG:  IT'S JUST BEING HONEST AND

24  POINTING OUR YOUR FLAWS.  NOW WE NEED --

25       THE COURT:  MR. GREENBERG, LET'S START OVER.

26       MR. GREENBERG:  -- TO BE ABLE TO --

5

1       THE COURT:  MR. GREENBERG --

2       MR. GREENBERG:  I HAVE A RIGHT TO DO --

3       THE COURT:  -- THE POINT OF THE APPEAL PROCESS

4  IS IF YOU FEEL YOU'RE NOT GETTING A FAIR TRIAL --



4:38

LTE

G estoppel

All    Books    Videos    News    Images

# Dictionary

Definitions from <u>Oxford Languages</u> · <u>Learn more</u>

Search for a word

## es·top·pel

/əˈstäpəl/

*noun*    **LAW**

the principle which precludes a person from asserting something contrary to what is implied by a previous action or statement of that person or by a previous pertinent judicial determination.
"the case had been one of estoppel"

To reiterate:

From: **Daniel Greenberg** dsgreenberg2020@gma .com ███
Subject: Re: Corrupt County of Orange Courts
Date: August 22, 2022 at 4:29 PM
To: serg o.pr nce@ocgov.com
Cc: ████████████████████████████████
████████████████████
████████████████████████████████
████████████████

Hi Sergio

I am fo owing up on ████████ emai from ast week to provide you additiona detai s regarding the abuse and corruption at
The Ca ifornia Superior Court County of Orange
As ██████ pointed out:



*"Let's talk about Supervisor Judge* **Julie Palafox**'s *pecuniary interest when Julie* **sua sponte** *appoints one of her buddies to be a guardian ad litem(***Gale Hickman** *and* **Robert Bulluck***), without holding a hearing, and plunders the estate of a litigant's deceased mother(Marian Wise)in Tennessee."*

Some documentation regarding **The Deprivation of Civil Rights Under The Color of Law** perpetrated by **Julie Palafox** (2013-present) is provided be ow and attached
Case 13d007979

If you wou d ike to discuss my case further or need additiona information or documentation p ease reach out
Thank you for ooking into these matters

Danie S Greenberg
2113 Ack en Ave B
Nashvi e TN 37212
615-429-8947

1  BECAUSE I ASKED THEM TO BE HERE AND WE THOUGHT THAT WE

2  COULD HAVE YOUR HONOR DO WHAT L54 USUAL DOES AND THAT

3  WAY WE DON'T GET LOST HALFWAY IN BETWEEN BECAUSE IT HAS

4  BEEN LOST FOR A COUPLE YEARS.  NORMALLY THEY DON'T COME

5  HERE.  I ALREADY THANKED COUNSEL FOR COMING.  SO THAT'S

6  WHY THEY'RE HERE.

7       THE COURT:  OKAY.

8       MR. BULLOCK:  IT'S AT MY REQUEST.

9       THE COURT:  OKAY.  SO WHAT IS YOUR

10 UNDERSTANDING, MR. BULLOCK, -- I JUST WANT TO MAKE IT

11 REALLY CLEAN, MR. BULLOCK, YOU HAVE BEEN APPOINTED

12 GUARDIAN, YOU'RE NOT AN ATTORNEY.  SO YOU'RE NOT

13 ADVOCATING.

14      MR. BULLOCK:  I REALIZE THAT.

15      MR. GREENBERG:  IT'S NOT YOUR REQUEST.  IT'S A

16 CONSTITUTIONAL MAIN DATE THAT THIS BE HEARD.  DO YOU

17 UNDERSTAND THE DIFFERENCE?

18      MR. BULLOCK:  THANK YOU.

19      MR. GREENBERG:  BECAUSE I DON'T BELIEVE SHE

20 DOES.

21      THE COURT:  MR. GREENBERG, I CAN HEAR YOU AND

22 YOU'RE BEING DISRESPECTFUL.

23      MR. GREENBERG:  IT'S JUST BEING HONEST AND

24 POINTING OUR YOUR FLAWS.  NOW WE NEED --

25      THE COURT:  MR. GREENBERG, LET'S START OVER.

26      MR. GREENBERG:  -- TO BE ABLE TO --

Fact C:



# Dictionary

Definitions from Oxford Languages · Learn more

Search for a word

## es·top·pel

/əˈstäpəl/

*noun* LAW

the principle which precludes a person from asserting something contrary to what is implied by a previous action or statement of that person or by a previous pertinent judicial determination.
"the case had been one of estoppel"

https://www.uscourts.gov/judges-judgeships/code-conduct-united-states-judges
**This Court is responsible for** upholding Canon 3B(6): 'Public confidence and impartiality of the integrity of the judiciary'

Undeniably, numerous examples of 'Reliable information of likely misconduct' have been provided to this Court with the expectation that 'appropriate actions be taken' in a 'manner reasonable minds would expect'



**Now that this Court DOES concede these are violations of FEDERAL law, and THIS venue DOES have jurisdiction to address and adjudicate these claims, it is imperative this Court set this matter for trial immediately. To further deny The Plaintiff right to file redress with the government is yet another and FURTHER violation of The Plaintiff's 1st amendment.**

For the Court's convenience, The Plaintiff has included the necessary information required to report the misconduct of Julie Palafox et al
The State of California
COMMISSION ON JUDICIAL PERFORMANCE
455 Golden Gate Avenue, Suite 14400
San Francisco, California 94102

https://cjp.ca.gov/online-complaint-instructions/

The Plaintiff requests this court copy him on all correspondence made with the CA COJP

Moreover, here is the information to report the judicial misconduct of Judge Philip Robinson and Judge Joseph Woodruff. Complaints regarding these two judicial officers can be filed here:

https://www.tncourts.gov/sites/default/files/docs/complaint_form-fillable_2022feb8_fillable.pdf

The Plaintiff also requests the Court to copy him on all of this correspondence as well.

As for the **perjury** and **Fraud upon The Court** under **The Color of Law** perpetrated by Amber Seymour and Jennifer Cole, et al, it can be reported directly to
The TN Board of Professional Responsibility :

https://www.tbpr.org/for-the-public/file-complaint

The Plaintiff also requests the Court to copy him on all of this correspondence as well.

(see also notice to Supervisor Bartlett and claim for damages against Orange County, California)

**In summation, the intent of the Domestic Exclusion clause is NOT to allow States to violate Federal law**.

Again, as demonstrated above and throughout there are many of examples of when Federal Courts have heard with proper jurisdiction cases involving '*Domestic Relations*'.

Overlooking these facts are NOT 'judicial errors' that are to be taken up on Appeal. Rather, they are a flagrant predatory and discriminatory abuse of the Law of which this Court is
1) aware
2) been provided with sufficient Case Law and documentation.

.

Once again, the Plaintiff demands this court to reopen the case.

There is no statute of limitations for perpetrators of 'Fraud upon The Court'
As such, The Plaintiff has filed a Motion to Vacate Judge Palafox's ruling to The General Counsel of Orange County and The Presiding Judge of The California Superior Court, County of Orange and requested the US Department of Justice to open yet ANOTHER investigation of the corruption, racketeering, and basic lawlessness of the California Superior Court as was done in 2016 which resulted in convictions.

This court is fully aware of MAJOR deprivations of the Plaintiff's Federal and State Civil Rights

under The Color of Law. (Fraud Upon The Court and ADA discrimination and abuse, inclusive.)

As such, that rules **ALL Defendants** 'off duty', hence, **loss of ALL subject matter jurisdiction**.

1) "The law is well-settled that a void order or judgement is void even before reversal",

VALLEY v. NORTHERN FIRE & MARINE INS. CO., 254 U.S. 348,41 S. Ct. 116

(1920)

2)"Courts are constituted by authority and they cannot go beyond that power

delegated to them. If they act beyond that authority, and certainly in contravention

of it, **their judgements and orders are regarded as NULLITIES; they are not voidable,**

**but simply void, and this even prior to reversal**." WILLIAMSON v. BERRY, 8 HOW. 945,

540 12 L. Ed. 1170, 1189 (1850). It has also been held that "It is **NOT**

necessary to take any steps to have a void judgment reversed, vacated, or set aside, **It**

**may be impeached in any action direct or, collateral**.' Holder v. Scott, 396 S.W.2d

906, (Tex.Civ.App., Texarkana, 1965, writ ref., n.r.e.). A court 'cannot confer

jurisdiction where none existed and **cannot make a void proceeding valid**.' It is clear

and well established law that "**a void order can be challenged in ANY court**", OLD

WAYNE MUT. L. ASSOC. v. McDONOUGH, 204 U. S. 8,27 S. Ct. 236 (1907).

Judgment is a void judgment if court that rendered judgment lacked jurisdiction of

the subject matter, or of the parties, **or acted in a manner inconsistent with due**

**process, Fed. Rules Civ. Proc., Rule 60(b)(4),28 U.S.C.A., U.S.C.A. Const.**") https://

www.supremecourt.gov/DocketPDF/18/18-7070/76529/20181218092909982_00000008.pdf

The Plaintiff further cites:

1) Stump v. Sparkman, 435 U.S. 349, (1978)

2) Bradley v. Fisher, 80 U.S. 335 (1871)
3) Ableman v. Booth, 62 U.S. 506 (1858)

| | |
|---|---|
| 6 | Usurped Authority:  "Where there is clearly no jurisdiction over the subject-matter |
| 7 | any authority exercised is a usurped authority, and for the exercise of such authority, |
| 8 | when the want of jurisdiction is known to the judge, no excuse is permissible," [*Stump v.* |
| 9 | *Sparkman*, 435 U.S. 349, (1978) fn. 6, citing, *Bradley v. Fisher*, 80 U.S. 335 (1871)]. |
| 10 | Lawless Violence:  "No judicial process, whatever form it may assume, can have |
| 11 | any lawful authority outside of the limits of the jurisdiction of the court or judge by |
| 12 | whom it is issued, and an attempt to enforce it beyond these boundaries is nothing less |
| 13 | than lawless violence," [*Ableman v. Booth*, 62 U.S. 506, 524 (1858)]. |

The Plaintiff respectfully reminds the Court of Cannon 2A:

COMMENTARY

**Canon 2A**. An appearance of impropriety occurs when reasonable minds, with knowledge of all the relevant circumstances disclosed by a reasonable inquiry, would conclude that the judge's honesty, integrity, impartiality, temperament, or fitness to serve as a judge is impaired. Public confidence in the judiciary is eroded by irresponsible or improper conduct by judges, including harassment and other inappropriate workplace behavior. A judge must avoid all impropriety and appearance of impropriety. This prohibition applies to both professional and personal conduct. A judge must expect to be the subject of constant public scrutiny and accept freely and willingly restrictions that might be viewed as burdensome by the ordinary citizen. Because it is not practicable to list all prohibited acts, the prohibition is necessarily cast in general terms that extend to conduct by judges that is harmful although not specifically mentioned in the Code. Actual improprieties under this standard include violations of law, court rules, or other specific provisions of this Code.

and strongly encourages the Court to properly handle the matters brought forth herein in the manner **reasonable minds** would expect.

This Court has the authority to summarily '**impeach the void order**' as indicated above as it **IS** a **NULLITY** or assemble a jury, as was demanded, to hear and adjudicate these matters.



From: **Daniel Greenberg** dsgreenberg2020@gma .com ▮
Subject: Re: Corrupt County of Orange Courts
Date: August 22, 2022 at 4:29 PM
To: serg o.pr nce@ocgov.com
Cc: ▮

Hi Sergio

I am fo owing up on ▮ emai from ast week to provide you additiona detai s regarding the abuse and corruption at The Ca ifornia Superior Court County of Orange
As ▮ pointed out:

*"Let's talk about Supervisor Judge **Julie Palafox**'s pecuniary interest when Julie **sua sponte** appoints one of her buddies to be a guardian ad litem(**Gale Hickman** and **Robert Bulluck**), without holding a hearing, and plunders the estate of a litigant's deceased mother(Marian Wise)in Tennessee."*

Some documentation regarding **The Deprivation of Civil Rights Under The Color of Law** perpetrated by **Julie Palafox** (2013-present) is provided be ow and attached
Case 13d007979

If you wou d ike to discuss my case further or need additiona information or documentation p ease reach out
Thank you for ooking into these matters

Danie S Greenberg
2113 Ack en Ave B
Nashvi e TN 37212
615-429-8947



```
 1        THE COURT:  THANK YOU, MR. BULLOCK.

 2             MS. GIFFORD?

 3        MS. GIFFORD:  MAY I ADDRESS A COUPLE STATEMENTS

 4   THAT MR. BULLOCK MADE?

 5        THE COURT:  OKAY.

 6        MS. GIFFORD:  I THINK WE'RE SPECULATING THAT HE

 7   HAS A DISABILITY.

 8        THE COURT:  OKAY.

 9        MS. GIFFORD:  NO ONE HAS EVER LEGALLY DETERMINED

10   THAT HE HAS A DISABILITY.

11        THE COURT:  WELL, THAT'S A VALID OBJECTION AND

12   WE'RE GOING TO HAVE TO OBVIOUSLY ADDRESS THAT.

13        MR. ██████:  UNDER THE ADA I HAVE BEEN

14   REGARDED AS SUCH.  THEREFORE, I AM TO BE TREATED UNDER

15   THE ADA REGARDLESS.  IF YOU DON'T UNDERSTAND THAT WE

16   NEED TO ADDRESS THAT RIGHT NOW AS IT IS MY

17   CONSTITUTIONAL RIGHT TO DO SO.
```

Case 3:22-cv-00325   Document 37   Filed 09/05/22   Page 24 of 33 PageID #: 345



```
              PETITIONER,    )
                             )   CASE NO. 13D007979
                             )
    VS.                      )
                             )
    DANIEL GREENBERG,        )
                             )
              RESPONDENT.    )
    _____)
```

HONORABLE THEODORE R. HOWARD, JUDGE PRESIDING
REPORTER'S TRANSCRIPT
NOVEMBER 23, 2015

APPEARANCES OF COUNSEL:

FOR PETITIONER:          RISNER & ASSOCIATES, INC.
                         BY:  LISA RISNER
                         ATTORNEY AT LAW

```
 9  ORIGINAL REQUEST?  THERE ARE MORE ITEMS ON THERE.

10      THE COURT:  THERE WERE NO OTHER REQUESTS THAT

11  QUALIFY AS ADA ACCOMMODATIONS EXCEPT WHAT -- YOU DID HAVE

12  SOME, AND I'LL HAVE TO DEAL WITH THAT DURING THE HEARING.

13  YOU'RE ASKING FOR MORE FREQUENT RECESSES.

14      THE RESPONDENT:  THAT'S RIGHT.

15      THE COURT:  JUST ASK FOR IT.  I MEAN, I CAN'T SET IT

16  NOW.  I DON'T KNOW WHEN YOU'RE GOING TO NEED IT.  IF YOU

17  LET ME KNOW THAT YOU NEED A RECESS --

18      THE RESPONDENT:  OKAY.  UNLIKE THE LAST TIMES WHEN I

19  REQUESTED A RECESS?  YOU DENIED THOSE TO ME.

20      THE COURT:  THAT'S NOT TRUE, MR. GREENBERG.

21      THE RESPONDENT:  OH, NO, IT IS.  IT'S IN THE
```



IN RE THE MARRIAGE OF:           )
                                 )
CARLA GIFFORD,                   )
                                 )
                PETITIONER,      )
                                 )
        VS.                      )      CASE NO. 13D007979
                                 )
DANIEL GREENBERG,                )
                                 )
                RESPONDENT.      )
_____)


HONORABLE JULIE A. PALAFOX, JUDGE PRESIDING

REPORTER'S TRANSCRIPT

FEBRUARY 29, 2016


APPEARANCES OF COUNSEL:

THE COURT: So you are asking the court --

MR. GREENBERG: But you can't talk me into or trick me into pro se abuses, you understand that? It's your obligation to make sure that if -- if it were -- like if it came down to some fork in the road and if he chose this one, but you know that that was going to lead to some bad outcome, you would say, hey, you know, you're not supposed to do that or it's not in the best interest of all society or public for him to do that so this is probably what you need to do. But go ahead, you go forward with your idea.

So now what is your question?

THE COURT: The court wanted to know your position on jurisdiction. If you have none, I will ask the petitioner.

MR. GREENBERG: I'm going to have to ask for a recess and look it up.

THE COURT: Your request for recess is denied.

MR. GREENBERG: No, you can't do that. See that's another violation.

THE COURT: Okay. Ms. Risner --

your attention because you simply want to or you sit there in your black robe, your costume.

THE COURT: Mr. Greenberg, your request for a recess is denied. We've only been on the record for --

MR. GREENBERG: It doesn't matter! You're explaining your own bigotry.

THE COURT: Mr. Greenberg, I'm asking you to be quite right now. This is the opportunity for the petitioner to respond.

Ms. Risner, what is your position with respect to the trial court's jurisdiction?

MS. RISNER: Your Honor, in CCP 917, et seq, it tells the procedures for proceeding on custody matters while there is an appeal. It is our position that you could make the orders and if you are, we do have some requests. But --

MR. GREENBERG: I haven't waived my right to weigh in this, right?

THE COURT: You have not and it's not your opportunity to be --

The court notes that the request for fee waiver was 39 pages long of which two pages was the request and 37 pages were internet materials on epilepsy, ███████████████████████ a drawing, and complains about the judicial process.

All right, I think the court has now set the record with respect to why we are here. Is there any questions before we begin?

Yes, Mr. ███████.

MR. ███████: I have lots of questions, but I need a recess before I can address line by line each of the remarks that you say are the record of the court.

THE COURT: Your request for recess is denied. We are going to proceed.

MR. ███████: So regarding my accommodations that are already in place, you are aware that I'm entitled to additional recesses when requested; right?

THE COURT: First of all, Mr. ███████, you aren't entitled to anything. It's at this court's accommodation for you. First of all, you have no timely request for accommodations. With respect to that -- let me finish.

You have produced to this court an allegation that you have epilepsy; is that correct?

MR. ███████: Allegation?

cc:

Daniel Diermeier, Vanderbilt University Chancellor



C. Cybele Raver, Provost and Vice Chancellor For Academic Affairs



Chris Guthrie, Dean Vanderbilt School of Law



Alberto Gonzales, President Belmont College of Law



Greg Jones, President Belmont University



cc:(continued)

Annie Lindt, Human Trafficking Expert, 5 Bamboo, Newport Beach, CA 92660
Jennifer Taub, 'Corruption Specialist'
Robert "Bobby" Bullock
Julie Palafox
Theodore Howard
Gale Hickman
Jennifer Posey
Barbara Fritz
Lisa Risner
Tamar Arminak
Cheryl Feiner
Marc Weiss
Rob Bonta
Superintendent NMUSD
TN Board of Professional Responsibility
Gregory Brown
Keith McHorny
Robert Sech
Charles Margines
Lisa McCall
TN Governor Bill Lee
Clarence H Carter
Elaine Beeler
Marjorie Kaup Haines
TN DHS Inspector General
Glenn Funk
kevin.hourican@sysco.com
jmaaning@law.harvard.edu
jacksonforjesus@me.com
Doug Baze
struppa@chapman.edu
…and more

55

1  scroll back down to where they started their rigmarole
2  so I can read it and then formulate the questions
3  because you wouldn't allow me the time or the
4  opportunity to do it when they were steamrolling me.
5        THE COURT:  There are two issues.  Number 1,
6  there was no violation of the January 7th dinner visit.
7  So that's not going to be discussed anymore.  Number 2,
8  Ms. Gifford put into evidence that the boys would not
9  go on January 8th.  Do you have any questions about
10  that?
11       MR. GREENBERG:  Well, yeah, but I need to see
12  all the statements regarding that so that I can
13  formulate those questions.
14       THE COURT:  The court is not going to give you
15  the opportunity to review everything that has been
16  recorded by the court reporter.  You have a pad of
17  paper in front of you and you have been provided that
18  to make notes.  If you didn't make notes --
19       MR. GREENBERG:  Oh my God!
20       THE COURT:  -- then that is to your own
21  disadvantage.
22       MR. GREENBERG:  That's goes exactly to my
23  disability.  So you're --
24       THE COURT:  Do you have any questions for
25  Ms. Gifford --
26       MR. GREENBERG:  Yes.

Certificate of Service I hereby certify that a true and correct copy of the foregoing document was sent via first class prepaid mail and via email upon the following parties on this the 2nd day of September, 2022.

| | | |
|---|---|---|
| Child Support Services, Jennifer Cole | TN Assistant AG Amber Seymour | CA AG Cheryl Feiner, CA DOJ |
| 212 East Main Street | PO Box 20207 | PO Box 944255 |
| Franklin, TN 37064 | Nashville, TN 37202 | Sacramento, CA 94244-2550 |
| jennifer.cole@tn.gov | amber.seymour@ag.tn.gov | Cheryl.feiner@doj.ca.gov |
| Judicialdistrict21.DHS@tn.gov | herbert.slatery@ag.tn.gov | jpalafox@occourts.org |

**TN Senior Assistant AG Jordan K. Crews**
PO Box 20207
Nashville, TN 37202
jordan.crews@ag.tn.gov

Respectfully Submitted,

/s/ Daniel S Greenberg

Plaintiff
2113 Acklen Avenue B
Nashville, TN 37212